DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
180 Sutter Street, Suite 200
San Francisco, California 94104
Telephone: (415) 982-4000
Facsimile: (415) 352-0988

Attorneys for Plaintiff
FREDRICK PRUITT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK PRUITT,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, a municipal entity, POLICE OFFICER MARIO BERMUDEZ, POLICE OFFICER TODD MARTIN, POLICE OFFICER ROBERT GUTIERREZ, POLICE OFFICER SYLVIAN BREWSTER, POLICE OFFICER MAURICIO PEREZ, POLICE OFFICER JOE QUINTELA, POLICE OFFICER ANDREW McNEIL, POLICE OFFICER RODGER T. HALEY, in their individual and official capacities, and DOES 1-100, Jointly and Severally,<br><br>        Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

      Plaintiff FREDRICK PRUITT, by and through his attorneys, the HELBRAUN LAW FIRM, for his Complaint against Defendants, states as follows:

### I. INTRODUCTION

    1.    On or about June 5, 2002, plaintiff FREDRICK PRUITT, accompanied by his wife and two small children, drove to the intersection of East 23rd Street and 23rd Avenue in the City of Oakland after receiving a telephone call from their 13 year-old daughter that their teenage son was in a fight. They arrived shortly before several Oakland City police officers appeared. Plaintiff was told by Defendant City of Oakland Police Officer MARIO BERMUDEZ

**COMPLAINT AND JURY DEMAND**         1

to leave the scene, and Plaintiff tried to explain that his son had been involved in the fight, and he was waiting by his car on the sidewalk with his two younger children while his wife spoke with other officers across the street about the matter.  Defendant Officer BERMUDEZ then spoke profanely to Plaintiff, used unnecessary and unreasonable force upon Plaintiff and thereby injured Plaintiff's arm, wrist, head and groin, threatened Plaintiff, used derogatory racial insults against Plaintiff, and arrested Plaintiff and caused Plaintiff to be incarcerated over night without cause to do so.

## II. JURISDICTION

2.  This action is brought pursuant to 42. U.S.C. § 1983 and the statutory and common law of the State of California.   Jurisdiction is based upon 28 U.S.C. § 1343 and the Court's pendent jurisdiction over the state claims.

## III.  PARTIES

3. Plaintiff FREDRICK PRUITT was at all material times a resident of the County of Alameda, City of Oakland, State of California.

4. Defendant City of Oakland is a municipal corporation established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the Oakland Police Department which employs other defendants in this action.

5. Defendants Police Officers Mario Bermudez, Todd Martin, Robert Guiterrez, Sylvian Brewster, Mauricio Perez, Joe Quintela, Andrew McNeil,and Rodger T. Haley were and are at all material times employed as law enforcement officers by Defendant City of Oakland, and were acting within the course and scope of their employment.

6. The true names and capacities of Defendants sued herein as DOES 1-100 ("Doe defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  At all material times, each Doe defendant was an employee or agent of Defendant City of Oakland acting within the course and scope of that employment.

7.  Plaintiff is informed and believes and thereon alleges that each of the

Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more Doe defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, and/or directly responsible for violations of Plaintiff s rights.

8. Each individual defendant (meaning non-municipal defendants) is sued in his individual and official capacities.

9. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise alleged.

10. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff s Constitutional rights and other harm.

11. At all material times, each defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California.

12. At all material times, Defendants Police Officers Mario Bermudez, Todd Martin, Robert Guiterrez, Sylvian Brewster, Mauricio Perez, Joe Quintela, Andrew McNeil, and Rodger T. Haley and Does 1-100 acted pursuant to the actual customs, policies, practices and procedures of the Oakland Police Department and Defendant City of Oakland.

### IV.  STATEMENT OF FACTS

13. On or about June 5, 2002, plaintiff FREDRICK PRUITT, accompanied by his wife and two small children, drove to the intersection of East 23rd Street and 23rd Avenue in the City of Oakland after receiving a telephone call from their 13 year-old daughter that their teenage old son was being assaulted by an adult male.  They arrived shortly before several

Oakland City police officers appeared. Plaintiff saw his son being assaulted by two adults, and extricated his son. Plaintiff's wife crossed the street to speak to one of the police officers.

14.   Defendant Officer Mauricio Perez asked Plaintiff to move out of the street and onto the sidewalk, and Plaintiff then returned to the sidewalk at the southwest corner of the intersection and waited there by his car where his 5 and 9 year-old children were sitting. Defendant Officers Mario Bermudez and Todd Martin approached Plaintiff and told him to leave the scene. Plaintiff explained that his son had been involved in the fight and that he was waiting by his car with his young children for his wife, who had the keys to the car, and who was speaking with other police officers across the street, and that he could not leave his children.

15.   Defendant Bermudez responded by saying "I don't give a fuck. I told you to walk. Fuck those kids." Plaintiff objected, and Bermudez then told Plaintiff he was under arrest.

16.   Plaintiff calmly put his arms behind his back to be handcuffed. Defendants Bermudez and Officer Martin placed handcuffs on Plaintiff in an excessively tight, painful manner; and forcefully twisted Plaintiff's arms up behind his back in an extremely painful manner, compelling Plaintiff to walk forward bent over and in pain. Defendant Bermudez slammed Plaintiff's head onto the hot surface of a police patrol car, and, under the guise of a weapons search, grabbed and squeezed Plaintiff's testicles so as to inflict additional pain on Plaintiff. Defendant Bermudez then shoved Plaintiff into the patrol car, causing Plaintiff to hit his head against the patrol car.

17.   As Defendants Bermudez and Martin unreasonably and without cause arrested Plaintiff, applied unreasonable and unnecessary force upon Plaintiff, and forced Plaintiff into the patrol car, as described in paragraph 16 above, Plaintiff cried out in pain and to the other police officers present for help, but those other officers — Defendants Police Officers Robert Guiterrez, Sylvian Brewster, Mauricio Perez, Joe Quintela, Andrew McNeil, and Rodger T. Haley — ignored Plaintiff's cries for help and turned away from plaintiff, thereby authorizing, ratifying, and contributing to Defendants Bermudez and Martin's outrageous conduct towards Plaintiff.

18.   In the patrol car, Defendant Bermudez berated Plaintiff using racial

COMPLAINT AND JURY DEMAND                4

1  epithets referring to Plaintiff's status as an Arican-American.  Defendant Bermudez threatened
2  that he would "fuck over" Plaintiff "with a few strokes of this pen," by charging Plaintiff without
3  cause for any sort of felony charge Bermudez cared to make.  Plaintiff's wife came to the patrol
4  car and attempted to speak to Officer Bermudez, and to obtain Bermudez' badge number, but he
5  refused to speak to her, and referred to her as a "bitch" to Plaintiff.  Officer Bermudez also told
6  Plaintiff that he, Bermudez, already had a lot of complaints against him, and that the Oakland
7  Police Department's Internal Affairs wouldn't do anything about it, and that if he, Bermudez,
8  wanted to, "I can take you out of this car right now, in the middle of the street, and beat your ass
9  and there won't be anything anybody can do" about it.  Bermudez' threats caused Plaintiff to
10 experience serious and sever fear, anxiety, and emotional distress.

11         19.    Defendant Officer Bermudez then drove Plaintiff to Oakland City Jail,
12 where Plaintiff was incarcerated for the rest of the day and that night, until the morning of June 6,
13 2003, at which time Plaintiff paid bail and was informed by a judge that the charges against him
14 had been dropped and/or dismissed.

15         20.    At all material times, Plaintiff acted peacefully and lawfully, never
16 threatened any person, and never interfered with any police officer.

17         21.    The conduct herein alleged of Defendants Police Officers Mario
18 Bermudez, Todd Martin, Robert Guiterrez, Sylvian Brewster, Mauricio Perez, Joe Quintela,
19 Andrew McNeil,and Rodger T. Haley, and each of them, was perpetrated upon plaintiff with
20 intent, malice, and without provocation, or in the alternative was done in reckless disregard of
21 plaintiff' rights.  Each and every use of force described herein was without warning to Plaintiff
22 and was objectively unreasonable under the circumstances.  Each defendant either personally
23 arrested Plaintiff without reasonable cause, used unreasonable and unnecessary force upon
24 Plaintiff, or authorized, ratified, or contributed to such conduct.

25         22.    The conduct herein alleged of Defendants Police Officers Mario
26 Bermudez, Todd Martin, Robert Guiterrez, Sylvian Brewster, Mauricio Perez, Joe Quintela,
27 Andrew McNeil, and Rodger T. Haley, and each of them, was perpetrated upon plaintiff
28 negligently in that said defendants failed to use reasonable care to ensure no excessive force was

used on plaintiff.  Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances.  Each defendant either personally arrested Plaintiff without reasonable cause, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

23. On information and belief, Defendants and other officers have given false statements, filed false police reports, improperly completed Use of Force reports, concealed material information, improperly investigated this matter, and have otherwise attempted to cover-up their and other officers misconduct, violations of Constitutional rights, and other tortious and unlawful conduct.

24. Plaintiff is informed and believes and thereon alleges that the City of Oakland and defendants Doe defendants 51 through 100, have received numerous complaints and have extensive additional information concerning use of excessive force and other acts of misconduct in violation of the rules and procedures of the City of Oakland Police Department, and the rights of the public committed by various Oakland Police Department officers, including but not limited to Defendants Martin and Bermudez.

25. Defendant City of Oakland, and Doe defendants 51 through 100, and each of them, by their deliberate acts, reckless conduct, and negligence in failing to train, supervise, discipline and/or investigate complaints and/or charges against Oakland Police Department officers, and/or defendants Martin and Bermudez, proximately caused the injuries to Plaintiff.

26. Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the custom and policy of the Oakland Police Department, and their members, to use excessive force against citizens.  This custom and policy is evidenced by the Oakland Police Department s failure to train, supervise, discipline and/or investigate complaints and/or charges against Oakland Police Department officers who had a known propensity for violence and excessive force.  The acts herein described of Defendants Martin and Bermudez, and the other individual police officer defendants, and each of them, were in keeping with said custom and policy of use of excessive force.

27. On December 3, 2002, Plaintiff caused to be delivered via Federal Express

to the City of Oakland s Office of the City Attorney a claim for injuries, losses and damages suffered and incurred by Plaintiff by reason of the above-described occurrences, all in compliance with the requirements of the California Government Code.

28. On or about January 16, 2003, the City of Oakland s Office of the City Attorney rejected Plaintiff s claim.

## V. DAMAGES

29. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff sustained damages, in an amount to be determined according to proof, including physical injury to his head, arm, wrist and groin, severe emotional distress, fear, anxiety, humiliation, loss of personal reputation, embarrassment, loss of income, loss of his physical liberty, and the deprivation of his Constitutional rights to be free from unreasonable searches and seizures, to be free from unreasonable and unnecessary uses of force, and to be free from racially motivated arrests and force, as guaranteed by the Fourth Amendment to the United States Constitution. and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

30. Plaintiff has incurred and will continue to incur attorney s fees to vindicate his rights, and thus is entitled to reasonable attorneys  fees according to proof.

31. Plaintiff alleges on information and belief that the conduct of the individual defendants was intentional, reckless and oppressive and was done with the intent of depriving plaintiff of his constitutional rights.  The acts of the individual defendants, therefore, are such that punitive damages should be imposed against them in an amount commensurate with the wrongfulness alleged herein.

## VI. JURY DEMAND

32. Plaintiff  hereby demands a jury trial in this case.

### FIRST CAUSE OF ACTION
(Violation of Civil Rights, 42 U.S.C. § 1983)
(Defendants Police Officers Mario Bermudez, Todd Martin, Robert Guiterrez, Sylvian Brewster, Mauricio Perez, Joe Quintela, Andrew McNeil,and Rodger T. Haley and Does 1-50)

33. Plaintiff hereby realleges paragraphs 1 through 31 of this complaint, as though set forth fully herein.

34. As a direct and proximate result of the individual Defendants actions and omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California.

35. Defendants subjected Plaintiff to Defendants wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

36. As a direct and proximate result of Defendants acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 29 through 31, above.

37. The conduct of Defendants Police Officers Mario Bermudez, Todd Martin, Robert Guiterrez, Sylvian Brewster, Mauricio Perez, Joe Quintela, Andrew McNeil, and Rodger T. Haley, and Does 1-50 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

38. Plaintiff also claims reasonable costs and attorneys fees under 42 U.S.C. § 1983 and as allowed by law.

**SECOND CAUSE OF ACTION**
(Violation of Civil Rights, 42 U.S.C. § 1983)
(Defendants City of Oakland and does 51-100)

39. Plaintiffs hereby reallege paragraphs 1 through 38 of this complaint, as though set forth fully herein.

40. Defendant City of Oakland and Doe defendants 1-100, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual Defendants herein, concerning the rights of citizens, with deliberate indifference to citizens and Plaintiff s constitutional rights, which were thereby violated as described above.

41. Defendant City of Oakland Doe defendants 51 through 100, as a matter of policy, practice and custom, have with deliberate indifference failed to use adequate hiring

procedures, thereby resulting in negligent and reckless hiring of the individual defendants, including Defendant Bermudez, with deliberate indifference to citizens and Plaintiff's constitutional rights, which were thereby violated as described above.

42. The unconstitutional actions and/or omissions of Defendants Police Officers Mario Bermudez, Todd Martin, Robert Guiterrez, Sylvian Brewster, Mauricio Perez, Joe Quintela, Andrew McNeil, and Rodger T. Haley, and Does 1-50, as described above, were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the Oakland Police Department and the City of Oakland, including Doe defendants 51-100.

44. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendant City of Oakland and Doe defendants 51-100 as described above, Plaintiff sustained serious, severe and permanent injuries as described in paragraphs 29 through 31 above.

### THIRD CAUSE OF ACTION
(Violations of California Civil Code § 51.7)

45. Plaintiff hereby realleges paragraphs 1 through 44 of this complaint as though fully set forth herein.

46. In doing the things herein alleged, defendant Bermudez used violence and intimidation by the threat of violence against Plaintiff because of his ancestry and race.

47. As a proximate result of defendant Bermudez' wrongful conduct, Plaintiff suffered damages as described in paragraphs 29 through 31 above.

48. The aforementioned acts of defendant Bermudez were wilful and intentional, and justifies an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $10,000, and attorneys' fees pursuant to California Civil Code § 52(b).

WHEREFORE Plaintiff prays for judgment as follows:

1. For general damages, including to compensate him for his emotional distress, pain and suffering, according to proof at the time of trial,

2. For special damages, including loss of earnings, according to proof at the

time of trial;

3. For punitive and exemplary damages as against the individual defendants commensurate with the acts complained of herein;

4. For costs of suit and reasonable attorneys fees;

5. For actual damages, punitive and exemplary damages, a civil penalty of $10,000, and attorneys fees pursuant to California Civil Code § 52(b);

6. For such other and further relief and damages as the Court may deem just and proper.

DATED: July 14, 2003        Respectfully submitted,
                            HELBRAUN LAW FIRM


                            _____
                            DAVID M. HELBRAUN
                            Attorneys for Plaintiff
                            FREDRICK PRUITT

**COMPLAINT AND JURY DEMAND**                10